# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROYAL M. HOPPER, JR.,

           Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,

           Defendants.

Case No. 2:12-cv-00503-JCM-PAL

**ORDER**

(IFP App - Dkt. #4)
(Various Mtns - Dkt. ##2, 5, 7, 8)

This matter is before the court on Plaintiff's Second Application to Proceed In Forma Pauperis (Dkt. #4); Plaintiff's Motion to Expedite Temporary Injunction Decision (Dkt. #2); Plaintiff's Motion to Consider New Evidence and Possible Resolution of Case (Dkt. #5); Plaintiff's Motion for Status (Dkt. #7), and Plaintiff's Motion for Twenty Days to Answer Government Responses (Dkt. #8). The court has considered Plaintiff's various filings.

The court denied Plaintiff's first Application to Proceed In Forma Pauperis (Dkt. #1) because, based on Plaintiff's incomplete Application, the court could not determine whether he qualified to proceed in forma pauperis. *See* Order (Dkt. #3). The court directed Plaintiff to file a completed application, and Plaintiff complied. *See* Second Application (Dkt. #4).

**I.    In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Complaint.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is

legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

      The Complaint alleges Defendants United States of America, the U.S. Department of Justice (the "DOJ"), and the U.S. Attorney's Office for the District of Nevada, Southern Division (the "USAO") violated Plaintiff's constitutional rights under the Sixth and Ninth Amendments by using the Debt Collection Improvement Act to collect restitution Plaintiff was ordered to pay as part of his sentence in a now-closed federal criminal case, which was pending before this court as 2:92-cr-00107-PMP-LRL.  Because the Complaints asserts violations of Plaintiff's constitutional rights and names federal agencies as Defendants, it is properly construed as a *Bivens* action.  *See Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens,* the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a

person's constitutional rights. *See Correctional Svs Corp. v. Malesko,* 534 U.S. 61, 66 (2001). *Bivens* actions against federal employees are the "judically crafted counterpart" to claims against state actors arising under 42 U.S.C. § 1983. *See Chavez v. I.N.S.,* 17 F. Supp. 2d 1141, 1143 (S.D. Cal. 1998) (citing *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987)). A *Bivens* claim differs from a § 1983 claim only because a federal, rather than a state, defendant is sued. *Id.* (citing *Kreines v. United States,* 959 F.2d 834, 837 (9th Cir. 1992)).

Defendants DOJ and the USAO are both agencies of the federal government. The Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*. *See Fed'l Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 485 (1994) (noting that purpose of *Bivens* remedy is to deter the federal officer, and allowing suits against the officer's employer would not promote the deterrence contemplated by *Bivens* because if suits against federal agencies were allowed, plaintiffs would never sue the individual officer). Accordingly, Plaintiff cannot assert constitutional claims against the DOJ or the USAO. The Complaint has, therefore, failed to state a *Bivens* claim and will be dismissed with leave to amend.

With respect to Plaintiff's claims against the United States, it is well-established that the United States can only be sued to the extent that it has waived its sovereign immunity. *See Cato,* 70 F.3d at 1107 (citing *Baker v. United States,* 817 F.2d 560, 562 (9th Cir. 1987)). Such waiver cannot be implied; it must be "unequivocally expressed." *Id.* (citing *United States v. Mitchell*, 445 U.S. 565, 538 (1983) (internal citation omitted)). The burden is on Plaintiff to show the United States has expressly waived its sovereign immunity in a particular suit. *Id.* (citing *Baker,* 817 F.2d at 562). Plaintiff has not met this burden, and he has not stated a claim against the United States.

Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. The court will, however, grant him leave to file an amended complaint. If Plaintiff chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a); LR 8-1. In addition, Plaintiff is informed that the court cannot refer to a prior pleading (i.e., his original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an

amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If Plaintiff elects to proceed in this action by filing an amended complaint, he should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated, and support each claim with factual allegations about each defendant's actions. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

**III.   The Pending Motions.**

Plaintiff has also filed several Motions (Dkt. ##2, 5, 7, 8). Plaintiff's Motion to Expedite Decision on Temporary Injunction (Dkt. #2) requests the court enter a temporary restraining order prohibiting the government from using the DCIA to collect restitution. Plaintiff's Complaint does not request a temporary restraining order, and Plaintiff has not complied with any of the procedures set forth in Rule 65 of the Federal Rules of Civil Procedure or Local Rule 7-2 of the Local Rules of Civil Practice to obtain one. Although Plaintiff is entitled to some leniency because he is proceeding pro se, he is still required to comply with the Federal and Local Rules. Plaintiff's Motion for Resolution (Dkt. #5) seeks to resolve the matter of restitution payments by offering to pay fifty dollars per month on the "outstanding restitution debt" if the Defendants agree not to seize Plaintiff's Social Security retirement benefits. These Motions (Dkt. ##2, 5) essentially request the same or similar relief requested in the Complaint, which the court has dismissed for failure to state a claim. For the same reasons, these Motions are denied.

Plaintiff's Motion for Twenty Days to Answer Government Response (Dkt. #8) seeks additional time to file a response once the government answers. If Plaintiff files an amended complaint, the court will screen it and if it finds Plaintiff has stated a claim upon which relief can be granted, the court will direct service to the Defendant(s), who must file a responsive pleading in accordance with the Federal Rules of Civil Procedure. A response to an answer is not authorized by the Federal Rules of Civil Procedure. If and when Plaintiff files an amended complaint that states a claim, and a Defendant

responds to it by filing a motion to dismiss, the court will enter its standard order advising pro se parties of any deadlines and how to respond to a motion to dismiss. The Motion (Dkt. #8) is denied.

Plaintiff's Motion for Status (Dkt. #7) seeks information regarding the status of this case and requests the court rule on Plaintiff's amended Application to Proceed In Forma Pauperis (Dkt. #4). The court has granted his amended Application. These applications and complaints are screened in the order in which they are filed as quickly as the court's congested docket allows. This Motion (Dkt. #7) is denied as moot.

For the reasons set forth above,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's Complaint is **DISMISSED** with leave to amend.

4. Plaintiff shall have until **December 10, 2012,** to file an amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety.

5. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-00503-JCM-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

/ / /

/ / /

/ / /

6. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

7. Plaintiff's Motions (Dkt. ##2, 5, 7, 8) are DENIED.

Dated this 9th day of November, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE