# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROYAL M. HOPPER, JR.,

          Plaintiff,

vs.

UNITED STATES OF AMERICA, et al.,

          Defendants.

Case No. 2:12-cv-00503-JCM-PAL

**REPORT OF FINDINGS AND RECOMMENDATION**

(Amended Complaint - Dkt. #11)

This matter is before the court on Plaintiff Royal M. Hopper's Amended Complaint (Dkt. #11). Plaintiff is proceeding in this matter pro se. Previously, the court entered an Order (Dkt. #9) granting Plaintiff's Second Application to Proceed In Forma Pauperis (Dkt. #4) and screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915. The court found Plaintiff's complaint failed to state a claim upon which relief could be granted and dismissed it, granting Plaintiff thirty days in which to file an amended complaint. Plaintiff complied and filed an Amended Complaint (Dkt. #11). The court will now screen the Amended Complaint pursuant to 28 U.S.C. § 1915(a).

Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Amended Complaint alleges Defendants United States Department of Justice (the "DOJ"), and the U.S. Attorney's Office for the District of Nevada, Southern Division (the "USAO"), and Kim Bush, a "Debt Collection Agent" for the USAO violated Plaintiff's constitutional rights under the Sixth Amendment by using the Debt Collection Improvement Act of 1996 to collect restitution Plaintiff was ordered to pay as part of his sentence in a now-closed federal criminal case, which was pending before this court as 2:92-cr-00107-PMP-LRL.  Plaintiff asserts he was sentenced in 1993, served a period of incarceration in the Federal Bureau of Prisons, was released from prison in 2008, and served a three-year period of supervised release thereafter.

Because the Complaint asserts violations of Plaintiff's constitutional rights and names federal agencies and a federal employee as Defendants, it is properly construed as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens,* the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a person's constitutional rights. *See Correctional Svs Corp. v. Malesko,* 534 U.S. 61, 66 (2001).  *Bivens* actions against federal employees are the judically-crafted counterpart to claims against state actors arising under 42 U.S.C. § 1983. *See Chavez v. I.N.S.,* 17 F. Supp. 2d 1141, 1143 (S.D. Cal. 1998) (citing *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987)).  A *Bivens* claim differs from a § 1983 claim only because a federal, rather than a state, defendant is sued. *Id.* (citing *Kreines v. United States,* 959 F.2d 834, 837 (9th Cir. 1992)).

As the court explained in the previous Order (Dkt. #9) screening the Complaint (Dkt. #10), Defendants DOJ and the USAO are both agencies of the federal government. The Supreme Court has held that a federal agency is not subject to liability for damages under *Bivens*. *See Fed'l Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 485 (1994) (noting that purpose of *Bivens* remedy is to deter the federal officer, and allowing suits against the officer's employer would not promote the deterrence contemplated by *Bivens* because if suits against federal agencies were allowed, plaintiffs would never sue the individual officer). Accordingly, Plaintiff cannot assert constitutional claims against the DOJ or the USAO. The Complaint has, therefore, failed to state a *Bivens* claim and will be dismissed as Plaintiff has already been given an opportunity to amend.

With respect to Plaintiff's claim against Kim Bush, it is barred by 18 U.S.C. § 3664. In 1993, at the time Plaintiff was sentenced, the Victim Witness Protection Act of 1982 (the "VWPA") authorized the court to impose restitution as part of Plaintiff's sentence. Plaintiff's allegations that the Debt Collection Improvement Act of 1996 may not be applied in violation of the ex post facto provisions of the US Constitution are inapposite. Plaintiff acknowledges he was ordered to pay restitution as part of his sentence. *See generally* Amended Complaint. In 1984, Congress enacted the Sentencing Reform Act, which, among other things, recodified the VWPA as 18 U.S.C. §§ 3663 and 3664. *See* Pub.L. No. 98-473, 98 Stat. 1987. 18 U.S.C. § 3664(p) provides that "nothing in this section or section[] . . . 3663 . . . and arising out of the application of such sections, shall be construed to create a cause of action not otherwise authorized in favor of any person against the United States or any officer or employee of the United States." 18 U.S.C. § 3664(p). Plaintiff has not identified any other statute authorizing his suit against Defendant Bush, a federal employee.

Plaintiff's claims also fail as a matter of law. Essentially, Plaintiff challenges a government debt collection practice–i.e., collecting restitution after his term of supervised release has expired. Pursuant to 18 U.S.C. § 3664, the United States may enforce an order of restitution in the manner provided by 18 U.S.C. §§ 3611-3615. Additionally, an order of restitution made pursuant to 18 U.S.C. § 3663 "is a lien in favor of the United States on all property and right to property of the person fined." 18 U.S.C. § 3613(c). As enacted in 1987, 18 U.S.C. § 3613(b) provides that a defendant's liability on an order of restitution lasts twenty years after a defendant's release from prison, or until the

defendant's death.  *See* Sentencing Reform Act of 1984, Chapter II of the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (Oct. 12, 1984, codified at 18 U.S.C. § 3613(b)); *see also* Anti-Drug Abuse Act of 1988 (authorizing the United States to enforce restitution as if it were a criminal fine by incorporating 18 U.S.C. § 3612 and 3613).  Thus, the applicable law at the time Plaintiff was sentenced to restitution provides that his liability on the restitution expires twenty years from his release from prison, or on his death.

Therefore, the USAO is enforcing the order of restitution civilly as it is authorized to do under 18 U.S.C. § 3664.  It is not attempting to enlarge or reinstate Plaintiff's period of supervised release. Plaintiff asserts he has received "monthly payment bills" from the USAO's Financial Litigation Unit "shortly after he began restitution payments that were ordered by the Probation Officer."  Amended Complaint at 3.  Thus, it appears the government is complying with the procedural requirements of 18 U.S.C. § 3612.  Accordingly, Plaintiff cannot state a claim for which relief can be granted for the government's collection of unpaid restitution.

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. #11) be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 19th day of March, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.