# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROYAL M. HOPPER, JR.,

       Plaintiff(s),

v.

UNITED STATES OF AMERICA, et al.,

       Defendant(s).

2:12-CV-503 JCM (PAL)

## ORDER

Presently before the court is the report and recommendation of Magistrate Judge Leen. (Doc. # 12). *Pro se* plaintiff Royal M. Hopper timely filed an objection. (Doc. # 13).

Plaintiff filed a complaint contemporaneous with a motion/application to proceed *in forma pauperis*. (Doc. # 1). The magistrate judge granted the application to proceed *in forma pauperis*. (Doc. # 9). The magistrate judge also dismissed the complaint with leave to amend. (*Id.*). Plaintiff then filed an amended complaint that virtually alleged all the same causes of actions and failed to correct the deficiencies identified by the magistrate judge in the 28 U.S.C. § 1915 screening. The amended complaint essentially alleges constitutional violations because after defendant served a term of imprisonment ordered by another court in this district, *see* 2:92-cr-107-PMP-LRL, defendant was ordered to pay restitution.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects

**James C. Mahan**
**U.S. District Judge**

to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

## I. Causes of Action Against Federal Agencies

Plaintiff alleges causes of action against the United States Department of Justice and the U.S. Attorney's Office for the District of Nevada. The magistrate judge dismissed the claims against the federal agency because the Supreme Court has held that a federal agency is not subject to liability for damages in a *Bivens* action. *See Fed'l Deposit Ins. Co. v. Meyer*, 510 U.S. 471, 485 (1994) (noting that the purpose of a *Bivens* remedy is to deter the federal officer, and allowing suits against the officer's employer would not promote the deterrence contemplated by *Bivens* because if suits against federal agencies were allowed plaintiffs would never sue the individual officer).

Plaintiff objects to the report and recommendation. He argues that the magistrate "looked at only the rules that justify her recommendation" and failed to "consider[ ] giving Plaintiff the liberal construction he requested." (Doc. # 13). The court agrees with the magistrate judge. The magistrate judge correctly identified and applied the controlling law. The court disagrees that the magistrate judge did not give plaintiff the benefit of the liberal pleading standard afforded *pro se* litigants. The court adopts the magistrate judge's report and recommendation in its entirety on this issue.

## II. Claims Against Individual Defendant

Plaintiff also alleged causes of action against Kim Bush, a federal debt collection agent. The magistrate judge found that the causes of action were barred by 18 U.S.C. § 3664 and fail as a matter of law.

First, 18 U.S.C. §§ 3663 and 3664 authorize courts to impose restitution as part of a criminal defendant's sentence. Among other things, 18 U.S.C. § 3664(p) that "nothing in this section . . . and arising out of the application of such sections, shall be construed to create a cause of action not otherwise authorized . . . ." The magistrate judge found the claims against Kim Bush, a federal employee, barred by section 3664(p) and that plaintiff had not identified any other statute authorizing

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  such a suit.

2  Second, the magistrate judge found the claims fail as a matter of law. Plaintiff challenges
3  the government's debt collection practices–i.e., collecting restitution after his term of imprisonment
4  and/or supervised release has expired. As enacted in 1987, 18 U.S.C. § 3613(b) provides that a
5  defendant's liability on an order of restitution lasts twenty years after a defendant's release from
6  prison, or until the defendant's death. Plaintiff was released from prison in 2008, and served a three-
7  year period of supervised release. The magistrate judge found that under the applicable law at the
8  time plaintiff's was sentenced and ordered to pay restitution provides that his liability on the
9  restitution expires twenty years from his release from prison, or on his death.

10  Plaintiff objects to the magistrate judge's analysis and recommendation. However, plaintiff
11  does not identify a single case or statute in support of his position. The court agrees with the
12  magistrate judge and adopts the report and recommendation in its entirety on this issue.

13  Accordingly,

14  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and
15  recommendation of Magistrate Judge Leen (doc. # 12) be, and the same hereby, is ADOPTED in its
16  entirety.

17  IT IS FURTHER ORDERED that plaintiff's amended complaint (doc. # 11) be dismissed.
18  The clerk of the court is ordered to enter judgment and close the case.

19  DATED May 7, 2013.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -